## NORTH CAROLINA MUTUAL LIFE INSURANCE CO. v. CHRISTIAN.

No. 18411.   Opinion Filed June 26, 1928.

(Syllabus.)

1. **Insurance — Provision for Only One-Fourth of Amount of Policy to Be Paid in Case of Death Within Year from Certain Causes—Burden of Proof on Defendant Insurer.**

Where a life insurance policy provides that if the insured dies from consumption, tuberculosis, cancer, or disease of the heart, liver, or kidneys, within twelve months from the date of the policy, the liability of the company shall be limited to one-fourth of the amount that would otherwise be payable in case of death from any other cause, to defeat recovery of the face value of the policy, the burden of proof is upon the company to prove that the insured died from one or more of said causes within a year of the time said policies became effective.

2. **Appeal and Error — Conclusiveness of Findings in Law Case Tried to Court.**

When a jury is waived and the cause tried to the court, the findings of the court have the same effect as a verdict of a jury, and will not be set aside upon appeal if there is any competent evidence reasonably tending to support the judgment rendered.

3. **Same—Judgment for Plaintiff on Life Policy Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by Lula Christian against the North Carolina Mutual Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles A. Chandler, for plaintiff in error.

E. Robitaille, for defendant in error.

HEFNER, J. This case is here on appeal from a judgment rendered in the court of common pleas, Tulsa county, in favor of the defendant in error, Lula Christian, plaintiff below, against the plaintiff in error, North Carolina Mutual Life Insurance Company, defendant below. The parties will be referred to herein as they appeared in the common pleas court.

The defendant issued two insurance policies on the life of Ramah Christian, and the plaintiff, wife of Ramah Christian, was named in the policies as the beneficiary. The two policies were issued on two applications, both made on the 1st day of May, 1925. The insured died on the 10th day of May, 1926. The plaintiff submitted proof to the company of the death of Ramah Christian, and the defendant offered to settle the claim of plaintiff by paying her one-fourth of the amount of each policy, which offer was refused and suit brought on each of said policies.

The defendant claimed that it was liable to the plaintiff in the sum of only one-fourth of the amount of each policy because the insured died within one year from the date of the policies. The defendant further claimed that the disease causing the death of the insurer was hemorrhage of the lungs and heart failure.

Each of the policies contained a provision which is as follows:

"If the insured dies from consumption, tuberculosis, cancer, or disease of the heart; liver, or kidneys, within twelve months from the date hereof, the liability of the company shall be limited to one-fourth of the amount that would otherwise be payable in case of death from any other cause."

The insured did not die within one year from the date of the applications for the policies, but did die within one year from the date of the policies. The trial court concluded as a matter of law that both of said policies became effective as of the date of the applications, and that the insured did not die within the year provided in the policies, and rendered judgment in favor of the plaintiff for the full amount of the policies. Under the view we take of the case, it will not be necessary for us to pass upon this question.

The trial court also found that the death of the insured was caused by weakness of the heart and by hypodermic injections made by the attending physician, and that the insured did not die from consumption, tuberculosis, or disease of the heart in the manner of the provision contained in the policies.

To defeat a recovery of the face value of the policies, the burden was on the defendant to prove that the insured died from consumption, tuberculosis, or disease of the heart, liver, or kidneys, in accordance with the provision contained in the policies, and that death occurred from one or more of the said causes within one year from the date said policies became effective.

It is true that the proof of death filed by the plaintiff with the defendant stated that the insured died from "hemorrhage of the lungs and heart failure." The plaintiff testified, however, that she did not know the cause of his death and that provision was inserted in the proof of death because the agent of the insurance company told her, in order for her to get her money, she should insert what the attending physician had certified to in the death certificate. The proof of death is the only proof the defendant offered in support of its defense.

J. P. Williams, witness for defendant, testified that he was present at church at the time the insured became ill; that he saw him during his illness, and that he bled profusely through his nose; and that he was the agent who solicited the life insurance, and testified on cross-examination that he instructed Lula Christian, the plaintiff, to make out the proof of death of the insured just as the attending physician had made out the death certificate.

A medical expert testified that hemorrhage of the lungs is most often caused by tuberculosis; that 47.6 per cent. of the cases of tuberculosis show hemorrhage.

Another witness testified that she had known the deceased several years and had lived neighbor to him and his family and he appeared to be in good health. That she was at the home of the insured at the time of his death; that shortly before he died she saw the attending physician make two hypodermic injections into his arm. That

the insured died soon after the first hypodermic injection was given and while the second injection was being given, and that the insured began writhing in pain immediately after the first hypodermic injection was administered to him by the physician.

Another witness testified that she had known the insured a considerable length of time before his death; that he had never complained of any illness; that she saw him about his work and that he appeared to be in good health.

All of the witnesses testified that the insured was in good health up to the day of his death; that he had never been incapacitated from work by any disease whatsoever, and none had ever heard him complain of being ill. No one testified that he had ever shown a symptom of tuberculosis. This was the first hemorrhage of any kind he had ever had, and that was a bleeding at the nose. If the hemorrhage had been caused from tuberculosis, undoubtedly there would have been symptoms of it before his death. Under the evidence, this was the only hemorrhage he was shown to have ever had, and that came through the nose, and he died the next day after the first attack. If he had been afflicted with tuberculosis, it would have been an easy matter to have made the proof.

Under this evidence, the trial court held the defendant did not meet the burden placed upon it by the law in proving that death was caused by tuberculosis, consumption, or disease of the heart, liver, or kidneys as was provided in the policy and as was claimed as its defense.

In a law case, when a jury is waived and the cause tried to the court, the findings of the court have the same effect as a verdict of a jury, and will not be set aside on appeal if there is any competent evidence reasonably tending to support the judgment rendered. We think there was competent evidence reasonably supporting the judgment of the trial court.

The judgment is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 37 C. J. p. 620, §418. (2) 4 C. J. pp. 876, 879, §2853. (3) 4 C. J. p. 1129, §3122.